[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 134.]

CINCINNATI BAR ASSOCIATION *v*. KEPLAR.

[Cite as *Cincinnati Bar Assn. v. Keplar*, 2001-Ohio-1330.]

*Attorneys at law—Misconduct—Permanent disbarment—Withdrawing from employment before taking reasonable steps to avoid prejudice to the client—Failing to deliver all property to which client is entitled—Neglect of an entrusted legal matter—Failing to seek lawful objectives of client— Failing to carry out contract for professional employment—Prejudicing or damaging client during course of professional relationship—Failing to maintain complete records of all funds coming into possession—Failing to promptly refund any unearned advance fee after withdrawing from representation.*

(No. 00-2230—Submitted March 13, 2001—Decided August 15, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-51.

_____

*Per Curiam.*

{¶ 1} On October 1, 1999, relator, Cincinnati Bar Association, filed a seven-count complaint charging respondent, J. Andrew Keplar of Maineville, Ohio, Attorney Registration No. 0040841, with several violations of the Code of Professional Responsibility and the Rules for the Government of the Bar. On February 23, 2000, relator filed an amendment to the complaint with an additional charge. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel denied respondent's motions for a stay and a continuance and set a hearing for September 28, 2000, in Cincinnati. Respondent failed to appear at the hearing.

**{¶ 3}** Based on the evidence presented to it, the panel found that in early 1999, respondent, trustee of a living trust for Caven McLoughlin, was instructed by McLoughlin to sell two parcels of real estate. Respondent sold one parcel for $39,369.92 and the second parcel for $41,772.07 but failed to account for and deliver to McLoughlin $22,402.15. Respondent used the funds he retained from the sales for his personal and business expenses. In a similar manner, respondent sold property for Janet Thole and retained $9,477.44 of the proceeds for his own benefit. Respondent also failed, when requested by Thole, to account for the funds in his possession or return her legal files, personal papers, and business documents.

**{¶ 4}** The panel further found that after Sharon North retained him, respondent failed to provide any legal services to her. After receiving a $2,000 retainer to represent Linda J. Poling in a domestic relations matter, respondent wrote one letter on her behalf and failed to perform any additional services or provide an accounting to Poling. The panel also found that after respondent drafted a living will for Harry and Anna Tepe in 1992, he failed to provide signed and notarized copies of the original documents when needed by Mr. and Mrs. Tepe and was unavailable when they tried to contact him.

**{¶ 5}** The panel found that in 1998, Marcia Reed retained respondent to represent her in an uncontested dissolution of her marriage. Respondent suggested that Reed transfer her real property to him to hold for her as trustee while the proceedings were pending. Respondent not only failed to return the property to Reed upon demand, but sued Reed for $13,000, which was the unpaid balance of the total fee of $35,000 that he had charged her. Reed retained defense counsel, who filed a counterclaim for excess fees. Respondent obstructed the proceedings by filing altered documents and caused such delay that the common pleas court fined him. Ultimately the court determined that the reasonable fee for respondent's services to Reed was $5,000 and entered judgment against respondent for $17,913.76.

**{¶ 6}** Finally, the panel found that respondent closed his office without notice to his clients. In addition, he failed to notify the Office of Attorney Registration of his new address. As a result, nineteen certified letters that relator sent to respondent in the course of its disciplinary investigation were returned unclaimed, and letters that relator sent to respondent's home were unanswered. Further, on the date set for a pretrial telephone hearing, respondent filed a motion for continuance based on his allegation that proceeding with the disciplinary action would duplicate a criminal proceeding and deny him a fair trial, and that his child was having a birthday celebration out of town on that day. When the motion was denied, respondent failed to participate in the hearing.

**{¶ 7}** The panel concluded that in the McLoughlin matter, respondent violated DR 2-110(A)(2) (a lawyer shall not withdraw from employment before taking reasonable steps to avoid prejudice to the client and delivering all property to which the client is entitled), 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(1) (a lawyer shall not fail to seek the lawful objectives of a client), 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment), 7-101(A)(3) (a lawyer shall not prejudice or damage his client during the course of the professional relationship), 9-102(B)(3) (a lawyer shall maintain complete records of all funds coming into the lawyer's possession), and 9-102(B)(4) (a lawyer shall promptly deliver to the client funds or property to which the client is entitled).

**{¶ 8}** The panel concluded that in the Thole matter, respondent violated DR 2-110(A)(2), 6-101(A)(3), 9-102(B)(3), and 9-102(B)(4). In the North matter, it concluded that he violated DR 2-110(A)(2), 2-110(A)(3) (a lawyer who withdraws from representation shall promptly refund any unearned advance fee), 7-101(A)(1), 7-101(A)(2), 7-101(A)(3), 9-102(B)(3), and 9-102(B)(4).

**{¶ 9}** The panel concluded that in the Payton matter, respondent violated DR 2-110(A)(2), 2-110(A)(3), 6-101(A)(3), 7-101(A)(1), 7-101(A)(2), 7-

101(A)(3), 9-102(B)(3), and 9-102(B)(4). The panel said that respondent's conduct with respect to Tepe violated DR 2-110(A)(2), 9-102(B)(3) and 9-102(B)(4), and that his conduct with respect to Reed violated DR 7-101(A)(3), 9-102(B)(3), and 9-102(B)(4). In closing his office without notice and failing to change his address with the Supreme Court, the panel further found that respondent violated Gov.Bar R. VI(1)(D) (an attorney shall keep the Attorney Registration Office advised of his current address), and in failing to cooperate with the relator's investigation, he violated Gov.Bar R. V(4)(G).

{¶ 10} The panel recommended that respondent be disbarred from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 11} In addition to filing objections to the findings and conclusions of the board, respondent moved that the matter be remanded and that a new date for evidentiary hearing set. Respondent's motion is denied. The panel previously considered and properly denied respondent's motion for a continuance of its evidentiary hearing. Respondent raises no new matter in this present motion. His grounds for a continuance of the evidentiary hearing before the panel filed three days before the September 28, 2000 hearing set ninety-seven days earlier were that three weeks previously he was diagnosed as being ill with bronchitis and two weeks earlier a doctor had recommended that he have bed rest. The panel considered and rejected these grounds, as do we.

{¶ 12} Turning to the merits, we have reviewed the evidence and adopt the findings, conclusions, and recommendation of the board. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Kevin P. Roberts* and *James Joseph Condit*, for relator.

*J. Andrew Keplar, pro se*.

_____